# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | | |
|---|---|---|
| **BDS INVESTMENTS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO. 3:07-CV-00561** |
| | ) | |
| **BIODERM SCIENCES, INC.,** | ) | |
| **J. RANDALL HOGGLE, DANIEL** | ) | |
| **S. ROMNEY, JAMES MILLER** | ) | |
| and **HEALTH PATHWAYS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

Pursuant to <u>Federal Rules of Civil Procedure</u>, Rules 7, 9 and 12, Defendants Bioderm Sciences, Inc. ("BioDerm"), J. Randall Hoggle ("Mr. Hoggle"), Daniel S. Romney ("Mr. Romney"), James Miller ("Mr. Miller") and Health Pathways, Inc. ("Health Pathways) (collectively "Defendants") hereby respond to Plaintiff BDS Investments, LLC's ("BDS") Complaint and assert their affirmative defenses.

## **PARTIES**

1.  On information and belief, Defendants admit the allegations of Paragraph No. 1 of the Complaint.

2.	Defendants admit that BioDerm is a Delaware corporation with its principal place of business in the State of Maryland. Defendants admit BioDerm was authorized to do business in the State of Mississippi. Defendants admit that BioDerm intended at one time that its "global headquarters" be located in Oxford, Mississippi. Defendants admit BioDerm's corporate headquarters is located at 12800 Middlebrook Road, Suite 210, Germantown, Maryland 20874. Defendants admit BioDerm may be served through its registered agent at Enterprise Center, 9 Industrial Park Drive, Oxford, Mississippi 38655. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 2 of the Complaint.

3.	Defendants admit Mr. Hoggle is a resident of Maryland, is CEO and Chairman of the Board of Directors of BioDerm and is President, CEO and Chairman of the Board of Directors of Health Pathways. Defendants admit Mr. Hoggle may be served with process at 12800 Middlebrook Road, Suite 210, Germantown, Maryland 20874. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 3 of the Complaint.

4.	Defendants admit Mr. Romney is a former CFO and former Secretary of BioDerm and is a former CFO of Health Pathways. Defendants deny that Mr. Romney is or was a member of the Board of Directors of BioDerm or Health Pathways. Defendants deny Mr. Romney may be served with process at 12800

Middlebrook Road, Suite 210, Germantown, Maryland 20874.  Except as expressly admitted, Defendants deny the allegations of Paragraph No. 4 of the Complaint.

5.     Defendants admit Mr. Miller is the former President of BioDerm and was a member of the Board of Directors of BioDerm at the time the Complaint was filed.  Defendants deny Mr. Miller may be served with process at 12800 Middlebrook Road, Suite 210, Germantown, Maryland 20874. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 5 of the Complaint.

6.     Defendants admit Health Pathways is a Delaware corporation and its principal place of business is located at 12800 Middlebrook Road, Suite 210, Germantown, Maryland 20874.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph No. 6 of the Complaint.

## JURISDICTION & VENUE

7.     Defendants deny the allegations of Paragraph No. 7 of the Complaint.

8.     Defendants deny the allegations of Paragraph No. 8 of the Complaint.

## FACTS

9.     Defendants admit BioDerm was incorporated in 2003.  Defendants admit BioDerm and Health Pathways had one common director at the time of service of the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 9 of the Complaint.

10. Defendants admit BioDerm is "a specialty Pharmaceutical and Medical Device Product Company dedicated to promoting healthier lives for its customers," "strives to be the best provider of quality products to prevent and treat illnesses that affect the health of patients with its products" and has "four wound healing products and four consumer exercise and first aid products, four of which have been approved by the United States FDA." Except as expressly admitted, Defendants deny the allegations of Paragraph No. 10 of the Complaint.

11. Defendants admit the allegations of Paragraph No. 11 of the Complaint, with the clarification that the Power Point presentation attached to Plaintiff's Complaint as part of Exhibit A was not part of the offering documents.

12. Defendants admit there were discussions between BDS representatives and Mr. Hoggle, Mr. Romney and Mr. Miller regarding BDS' purchase of a portion of BioDerm's common stock. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 12 of the Complaint.

13. Defendants admit BioDerm offered for sale a portion of its common stock to accredited investors. Defendants admit BioDerm had the option of offering for sale 1.2 million shares of its common, Series A, stock at $0.83 per share for a pre-money, fully-diluted valuation of BioDerm of $8,822,000.00 as of June 20, 2006 if all shares sold. Defendants admit the stock was offered "directly

by the Company [BioDerm] through its officers and directors." Except as expressly admitted, Defendants deny the allegations of Paragraph No. 13 of the Complaint.

14. Defendants admit that BDS purchased common stock of BioDerm in the amount of $586,100.00 on approximately November 1, 2006, $140,800.00 on approximately December 14, 2006 and $205,010.00 on approximately January 17, 2007. Defendants deny BDS relied upon any representations of Mr. Hoggle, Mr. Romney or Mr. Miller in purchasing the common stock. Except as expressly admitted or denied, Defendants are without sufficient information to admit or deny the allegations of Paragraph No. 14 and therefore, deny the allegations of Paragraph No. 14 of the Complaint.

15. Defendants deny any corporate proceeds raised from the sale of BioDerm common, Series A, stock was used in a manner inconsistent with the provisions of the offering documents or that any corporate waste took place. Except as expressly denied, Defendants are without sufficient information to admit or deny the allegations of Paragraph No. 15 and therefore, deny the allegations of Paragraph No. 15 of the Complaint.

16. Defendants admit that there were discussions between BDS and BioDerm in which BDS requested that its investment be repaid. Defendants admit that BDS sent a letter dated July 24, 2007 requesting that BioDerm reimburse its investment by August 2, 2007. Defendants admit BioDerm has not refunded to

BDS its investment. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 16 of the Complaint.

## COUNT I

### Violations of the Mississippi Securities Act and Aiding/Abetting
### (Mississippi Code §§ 75-71-717 and 75-71-719)

17. Defendants hereby adopt and reallege as if fully set forth their answers to each and every Paragraph contained in this Answer.

18. Paragraph No. 18 of the Complaint does not appear to make any factual allegation against Defendants; however, to the extent any factual allegation is made against Defendants, Defendants deny the allegations of Paragraph No. 18 of the Complaint.

19. Defendants deny the allegations of Paragraph No. 19 of the Complaint.

    (a). Defendants deny the allegations of Paragraph No. 19(a) of the Complaint.

    (b). Defendants admit the Subscription Agreement states that one of the investors' risk is that "the proceeds of this Offering, together with the Company's existing capital resources, including the funds from its lines of credit and long term notes are expected to enable the Company to finance its business operations" and that BioDerm may have to issue additional securities "in order to maintain or obtain increases in its lines of credit." Defendants admit the Business

Plan stated "[t]his completes all equity funding required for its current U.S. financial plan." Except as expressly admitted, Defendants deny the allegations of Paragraph No. 19(b) of the Complaint.

(c). Defendants admit BioDerm's Business Plan provides financial projections that showed anticipated sales, among other things. Except as expressly admitted, Defendants deny the allegations of Paragraph No. 19(c) of the Complaint.

(d). Defendants admit BioDerm's Business Plan provided that it planned to "set up a manufacturing facility in Oxford, Mississippi," that "the Oxford facility has set up infrastructure through federal grants" and BioDerm would have "two U.S. contract outsourcing manufacturer back-ups ready." Except as expressly admitted, Defendants deny the allegations of Paragraph No. 19(d) of the Complaint.

(e). Defendants deny the allegations of Paragraph No. 19(e) of the Complaint.

(f). Defendants deny the allegations of Paragraph No. 19(f) of the Complaint.

20. Defendants deny the allegations of Paragraph No. 20 of the Complaint.

21. Defendants deny the allegations of Paragraph No. 21 of the Complaint.

22. Defendants deny the allegations of Paragraph No. 22 of the Complaint.

23. Defendants deny the allegations of Paragraph No. 23 of the Complaint.

## COUNT II

### Violations of the Mississippi Securities Act For Controlling Person Liability (Mississippi Code § 75-71-719)

24. Defendants hereby adopt and reallege as if fully set forth their answers to each and every Paragraph contained in this Answer.

25. Defendants deny the allegations of Paragraph No. 25 of the Complaint.

26. Defendants deny the allegations of Paragraph No. 26 of the Complaint.

27. Defendants deny the allegations of Paragraph No. 27 of the Complaint.

## COUNT III

### Common Law Fraud

28. Defendants hereby adopt and reallege as if fully set forth their answers to each and every Paragraph contained in this Answer.

29. Defendants deny the allegations of Paragraph No. 29 of the Complaint.

30. Defendants deny the allegations of Paragraph No. 30 of the Complaint.

## PRAYER FOR RELIEF

31. Defendants deny that BDS is entitled to any of the relief sought in its Prayer for Relief Paragraphs (a) through (f).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Maryland law governs this dispute.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to plead fraud with specificity as required by Federal Rules of Civil Procedure, Rule 9.

### FOURTH AFFIRMATIVE DEFENSE

Venue is more convenient in the State of Maryland and this case should be transferred to the appropriate United States District Court in the State of Maryland.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not violate the Mississippi Securities Act.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are not subject to aider/abetter liability under the Mississippi Securities Act.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants did not intentionally, recklessly, negligently or innocently misrepresent any material fact to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

All representations made with regard to the offering of common, A Series, stock are contained in the Subscription Agreement by virtue of its merger clause.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not reasonably, substantially or justifiably rely on any alleged misrepresentation made by Defendants.

## TENTH AFFIRMATIVE DEFENSE

No alleged misrepresentation by Defendants was the proximate or direct cause of any damage to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not suppress any material facts from Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged suppression of any material fact by Defendants did not proximately or directly cause any damage to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The transactions alleged in the Complaint were voluntarily undertaken. Plaintiff had the opportunity and the obligation to read all documents presented to or signed by Plaintiff. The terms of the agreements or contract were fully disclosed to them. Plaintiff knowingly entered into the transactions, having either understood such transactions or having failed to avail themselves of the opportunity to understand the transactions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not subject to controlling person liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses are directly attributable to the acts and omissions outside the control of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses are the result of a superseding or intervening cause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has mitigated its damages, Defendants are entitled to a set-off.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be reduced by their own comparative negligence or fault. Defendants invoke the provisions of Mississippi Code Annotated § 85-5-7 on apportionment of fault as to all parties and non-parties who may be jointly and severally liable for Plaintiff's alleged injuries.

### TWENTIETH AFFIRMATIVE DEFENSE

<u>Defendants invoke all rights afforded under Mississippi's 1993, 2002 and 2004 Tort Reform Acts, including, but not limited to, Mississippi Code Annotated §11-1-65.</u>

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny they are guilty of any conduct which entitles Plaintiff to recover any exemplary or punitive damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which exemplary or punitive damages may be awarded to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover extra contractual damages, exemplary, punitive or otherwise, and there is not basis for such a claim.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

1. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the

amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred; and

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages to Plaintiff in this case will violate the Constitutional safeguards provided to Plaintiff under the Constitution of the State of Mississippi.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead the applicable provisions of § 85-5-7 of the Mississippi Code Annotated (2006) as amended.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for exemplary or punitive damages violates the Due Process Clause of Article 3, Section 14, of the Constitution of Mississippi on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(c) The procedures pursuant to which punitive damages are awarded are Constitutionally vague and not rationally related to legitimate government interests;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e) An award of punitive damages in this action constitutes the deprivation of property without due process of law; and,

(f) It is violative of the Due Process Clause to impose punitive damages against a defendant which are penal in nature, yet compel a defendant to disclose potentially incriminating documents and evidence.

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred by Mississippi Code Annotated § 15-1-33 (1972), requiring that any suit for penalty be brought within one year from the date of he alleged offense.

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

Some or all of the Plaintiff's claims are barred by documents and information which are public record.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses as discovery progresses in this case.

This the 9th day of October, 2007.

Respectfully submitted,

*s/Laura C. Nettles*
Laura C. Nettles (100337)
Counsel for Defendants
Bioderm Sciences, Inc.
J. Randall Hoggle
Daniel S. Romney
James Miller
Health Pathways, Inc.

**OF COUNSEL:**
**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822 – Telephone
(205) 967-2380 – Facsimile

## **CERTIFICATE OF SERVICE**

      I certify a true and correct copy of the foregoing was served upon the following counsel of record by efiling and/or by United States Mail, with postage prepaid and properly addressed on this the 9th day of October, 2007:

    Robert L. Gibbs, Esquire
    John M. Flynt, Esquire
    Joseph Anthony Sclafani, Esquire
    Brunini, Gratham, Grover & Hewes, PLLC
    1400 Trustmark Building
    248 East Capitol Street
    Post Office Drawer 119
    Jackson, MS 39205-0119

                                      *s/Laura C. Nettles*
                                      OF COUNSEL